```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
NORTH KINGSTOWN SCHOOL COMMITTEE,   )
                                   )
       Plaintiff and               )
       Counterclaim Defendant,     )
                                   )    C.A. No. 13-605 S
     v.                            )
                                   )    C.A. No. 13-601 S
JUSTINE R., as Parent of M.R.,     )
                                   )
       Defendant and               )
       Counterclaim Plaintiff.     )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

This is an administrative appeal from the decision of a hearing officer under the framework established by the Individuals with Disabilities Education Act, in which the parties, the North Kingstown School Committee ("School") and Justine R. ("J.R."), have filed cross-motions for summary judgment. (ECF Nos. 11, 15.)[1] Magistrate Judge Patricia A. Sullivan issued a Report & Recommendation ("R&R") (ECF No. 22), recommending that the hearing officer's decision be modified in part and otherwise affirmed and that each party's motion for summary judgment be granted in part and denied in part.

---

[1] The ECF numbers in this Order correspond to C.A. No. 13-605 S.

The School has not filed an objection to the R&R, and the time for doing so has passed. J.R. timely objected to three aspects of the R&R. (Def.'s Obj., ECF No. 23.) This Court hereby ADOPTS all aspects of the R&R to which no objection has been lodged.[2] See LR Cv 72(d)(1). Furthermore, for the reasons discussed below, this Court OVERRULES J.R.'s objection to the portion of the R&R that recommends that her attorneys' fees for the proceedings that culminated in the Interim Order be reduced to account for her unreasonable protraction of the final resolution of the controversy; that aspect of the R&R is also ADOPTED. Finally, this Court reserves decision on J.R.'s remaining objections until the parties present additional evidence on the monitor issue or the time for doing so expires.

---

[2] Specifically, neither party has objected to the following conclusions of the R&R: (1) the School was not collaterally estopped from arguing during the due-process proceedings that it did not deprive J.R.'s son, M.R., of a "free and appropriate public education" ("FAPE"); (2) J.R. was a prevailing party in the administrative proceedings that culminated in the Interim Order; (3) J.R.'s award of attorneys' fees for the Interim-Order proceedings should be reduced to reflect her lack of success in her litigation to enforce the Interim Order; (4) the hearing officer's determination that J.R. did not carry her burden of establishing that the School denied M.R. a FAPE was unassailable; (5) the hearing officer's decision with regard to the School's use of a bidet was well supported; (6) the School's procedural violation of M.R.'s individualized education plan was a de minimus victory that did not make J.R. a prevailing party for purposes of the due-process proceedings; and (7) the parties' arguments regarding J.R.'s demand for compensatory education did not need to be addressed.

I.   Unreasonable Protraction

J.R. objects to Judge Sullivan's recommendation that her award of attorney fees in the Interim-Order proceedings should be reduced because she unreasonably protracted the final resolution of the controversy. (Def.'s Obj. 20-25, ECF No. 23.) A brief background discussion is necessary to put this aspect of the R&R and J.R.'s objection thereto in proper context.[3]

J.R.'s son, M.R., is not completely independent in toileting. (Def.'s Statement of Undisputed Facts ("SUF") ¶¶ 1, 16-17, ECF No. 16.) In early 2013, the School and J.R. were at loggerheads over whether M.R.'s individualized education plan ("IEP") required school personnel to wipe M.R. after a bowel movement. (Id. at ¶¶ 36, 40-42, 44-45, 54, 57-59, 62-64, 66, 68.) When discussions between the School and J.R. proved fruitless, J.R. petitioned the Rhode Island Commissioner of Education ("Commissioner") for an interim order and also filed a request for a due-process hearing before a hearing officer of the Rhode Island Department of Education. (See Decision of Hr'g Officer 6, ECF No. 1-1; Interim Order 1, Record ("R."), J.R.'s Ex. 20.) On April 2, 2013, the Commissioner issued an Interim Order requiring the School to wipe M.R. if wiping was necessary

---

[3] The R&R chronicles the factual and procedural history in great detail. Such an effort need not be repeated here.

to adequately clean M.R. (Interim Order 3, 4, R., J.R.'s Ex. 20.)

That evening, the parties' counsel exchanged multiple emails. (Def.'s SUF ¶ 70, ECF No. 16; R., J.R.'s Ex. 21.) J.R.'s counsel informed the School's counsel that M.R. would be returning to school that Thursday, April 4, 2013. (R., J.R.'s Ex. 21.) Counsel for the School replied that she needed to confer with her client before she informed J.R. of the School's plan for compliance. (Id.) The following morning, J.R.'s counsel informed opposing counsel that, if she did not receive confirmation from the School by 1:00 p.m. that afternoon that the School was ready to comply with the Interim Order, J.R. would file an action in Rhode Island Superior Court to enforce the Interim Order. (R., J.R.'s Ex. 22.) The School sent J.R.'s counsel a letter via email later that day, explaining that it had not yet had time to review the Interim Order and would not be ready to comply the next day; the School requested that M.R. not be returned to school until Friday, April 5, 2013. (R., J.R.'s Ex. 23.) On April 4, 2013, J.R. filed a petition in state court seeking enforcement of the Interim Order. (R., J.R.'s Ex. 25.) The School informed J.R. later that day that it was going to comply with the Interim Order. (R., J.R.'s Ex. 26.)

The School removed J.R.'s enforcement action to this Court. (C.A. No. 13-222 S, ECF No. 1.) J.R. filed an emergency motion for remand in which she offered a meritless challenge to this Court's jurisdiction over the enforcement action and requested, in the alternative, an expedited order enforcing the Interim Order. (C.A. No. 13-222 S, ECF No. 2.) By separate R&Rs, Judge Sullivan rejected the jurisdictional challenge and determined that J.R. presented no evidence that the School failed to comply with the Interim Order. (C.A. No. 13-222 S, R&R 1-2, ECF No. 6; C.A. No. 13-222 S, R&R 5, ECF No. 8.) On May 22, 2013, J.R. filed another motion to enforce the Interim Order. (C.A. No. 13-222 S, ECF No. 9.) After conducting an evidentiary hearing, Judge Sullivan recommended denial of this motion on June 13, 2013. (C.A. No. 13-222 S, R&R 5-6, ECF No. 12.)

On July 1, 2013, J.R. filed an objection to the third R&R in C.A. No. 13-222 S. (C.A. No. 13-222 S, ECF No. 14.) She raised three objections, all of which this Court found to be meritless in its order adopting the R&Rs, which was issued on August 9, 2013. (C.A. No. 13-222 S, ECF No. 17.) J.R. appealed the dismissal of her enforcement action on September 4, 2013. (C.A. No. 13-222 S, ECF No. 18.) This appeal was voluntarily dismissed by joint motion of the parties on December 16, 2013. (C.A. No. 13-222 S, ECF No. 23.) The due-process proceedings

remained pending for much of the time during which J.R. litigated her enforcement action in this Court; the hearing officer issued her decision on July 26, 2013. (Decision of Hr'g Officer 1, ECF No. 1-1.)

In considering this history, Judge Sullivan determined that J.R.'s "decision to rush into court on April 4, 2013" unreasonably protracted the final resolution of the controversy and that, pursuant to 20 U.S.C. § 1415(i)(3)(F)(i),[4] her attorneys' fees for the Interim-Order proceedings should be reduced to reflect this protraction. (R&R 23, ECF No. 22.) J.R. insists that, given the School's prior unjustified refusals to wipe M.R. and its initial responses to her request for immediate compliance with the Interim Order, she was fully justified in bringing her enforcement suit. (Def.'s Obj. 21, ECF No. 23.) Upon de novo review, see Fed. R. Civ. P. 72(b)(3), this Court agrees with Judge Sullivan that J.R.'s rush to the courthouse and dogged pursuit of her meritless enforcement action for over eight months "unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F)(i).

---

[4] The statute provides that, "[w]henever the court finds that . . . the parent, or the parent's attorney, during the course of the action or proceeding, unreasonably protracted the final resolution of the controversy . . . , the court shall reduce, accordingly, the amount of the attorneys' fees awarded under this section." 20 U.S.C. § 1415(i)(3)(F)(i).

6

In reaching this conclusion, the Court does not question the sincerity of J.R.'s desire to see her son returned to school or her concern over the School's responses in the immediate wake of the Interim Order. However, the timeframe between issuance of the Interim Order and the commencement of the enforcement suit — less than forty-eight hours — was short.[5] Additionally, J.R. continued full-throttle litigation of her enforcement action even after the School stated its unqualified intention to comply with the Interim Order on the day the enforcement action was commenced. Several aspects of that litigation effort support Judge Sullivan's determination that J.R.'s eight-month-long pursuit of the enforcement action constituted unreasonable protraction.

First, upon removal of the case from state court, J.R. injected a clearly meritless jurisdictional issue into the case. Although she attempts to justify that challenge in her objection to the R&R currently under review (see Def.'s Obj. 22-23, ECF No. 23), that justification is unpersuasive. By forcing the

---

[5] J.R. contends that the School's stated need to develop a plan to implement the Interim Order was "ludicrous on its face." (Def.'s Obj. 20, ECF No. 23.) This Court disagrees. A school's provision of toileting assistance, including wiping, to a student is a delicate task, and it seems eminently reasonable for the School to ensure, through the development of a clear protocol or procedure, that this task was appropriately carried out.

School and this Court to respond to her baseless jurisdictional argument, J.R. needlessly drew attention away from the merits of her enforcement action and delayed the final resolution of this matter. Second, she filed two separate unsuccessful motions for enforcement of the Interim Order, one of which necessitated an evidentiary hearing. Each time, Judge Sullivan determined that there was no evidence that the School was not complying with the Interim Order. Third, J.R. lodged meritless objections to one of Judge Sullivan's R&Rs.

Most critically, all of the above-referenced litigation effort in this Court took place while J.R.'s due-process proceedings remained pending. A main focus of these proceedings was whether the School's protocol for implementing the mandate of the Interim Order denied M.R. a fair and adequate public education. Therefore, through her enforcement action, J.R. waged a two-front battle against the School with respect to its compliance with the Interim Order. To cinch matters, J.R. appealed from this Court's order dismissing her complaint, only to voluntarily dismiss her appeal on December 16, 2013.

This eight-month effort unreasonably protracted the final resolution of the controversy.[6] Therefore, pursuant to 20 U.S.C.

---

[6] In reaching this conclusion, the Court does not consider the fact, relied upon by Judge Sullivan, that, shortly after the

§ 1415(i)(3)(F)(i), J.R.'s award of attorneys' fees for the Interim-Order proceedings must be reduced to account for this unreasonable protraction.

II. Modification of Hearing Officer's Decision

J.R. also objects to Judge Sullivan's modification of the hearing officer's decision. (Def.'s Obj. 12-16, ECF No. 23.) After the Commissioner issued its Interim Order requiring the School to wipe M.R., the School permitted a paraprofessional to monitor the provision of toileting assistance to M.R. by another paraprofessional. (Decision of Hr'g Officer 25, ECF No. 1-1.) The hearing officer ordered the immediate cessation of this practice. (Id. at 26.) The School objected to this aspect of the hearing officer's decision (see Compl. ¶ 27, ECF No. 1), and argued in its motion for summary judgment that having a monitor in this situation was desirable and necessary (see Pl.'s Mot. 8-10, ECF No. 11-1). Curiously, however, the School did not seek to offer any additional evidence on this issue, even though it has a statutory right to do so, see 20 U.S.C. § 1415(i)(2)(C)(ii), and it had the burden on its challenge to the hearing officer's decision, see Roland M. v. Concord Sch. Comm., 910 F.2d 983, 991 (1st Cir. 1990).

---

issuance of the Interim Order, the School approached J.R. about scheduling an IEP meeting to address the Interim Order. (See R&R 6, ECF No. 22; Def.'s Obj. 20 n.5, ECF No. 23.)

Judge Sullivan took judicial notice, pursuant to Fed. R. Evid. 201(b), of several sources that indicated that employing a monitor in this delicate scenario is advisable. (R&R 27-28, ECF No. 22.) J.R. claims that it was improper for Judge Sullivan to take judicial notice of these sources. (Def.'s Obj. 14-16, ECF No. 23.)

Rather than addressing this objection head on at this juncture, the Court will give the School a limited window of time to do what it should have done at the outset of its appeal from the hearing officer's decision: offer evidence, pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii), to support its position that a monitor is necessary or appropriate in this scenario. Accordingly, the School is given the option of moving to supplement the record with additional evidence on this point within 30 days of this order.[7] If such a motion is made, an evidentiary hearing will be scheduled at which this evidence can be offered. J.R. will be permitted to put forth rebuttal evidence at this hearing. If, on the other hand, the School elects not to file a motion to supplement the record, this Court will rule on J.R.'s remaining objections on the existing record.

---

[7] In the event J.R. wishes to offer additional evidence on the monitor issue, she may also file a motion to supplement the record within 30 days of this order.

III. Prevailing-Party Status

Finally, J.R. takes umbrage with Judge Sullivan's recommendation that she should not be considered a prevailing party for purposes of the due-process proceedings. (Def.'s Obj. 16-20, ECF No. 23.) This Court's ruling on whether the hearing officer's decision should be modified as recommended by Judge Sullivan might impact resolution of the prevailing-party question. Therefore, this Court reserves decision on this objection.

IV. Conclusion

For the reasons articulated above, this Court hereby ADOPTS all aspects of the R&R to which no objection has been lodged; OVERRULES J.R.'s objection to the portion of the R&R that recommends that her award of attorneys' fees for the Interim-Order proceedings be reduced to account for her unreasonable protraction of the final resolution of the controversy; and ADOPTS the R&R on that point.[8] Finally, this Court reserves decision on J.R.'s remaining objections pending the parties'

---

[8] The R&R also recommends that J.R. be given leave to file a motion for attorneys' fees for the Interim-Order proceedings in accordance with LR Cv 54.1. The Court ADOPTS this aspect of the R&R as well. However, J.R. is directed to refrain from filing this motion until her remaining objections to the R&R have been resolved.

decisions on whether to offer additional evidence on the monitor issue.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: March 12, 2015